THE STATE, EX REL. BROOKS, APPELLEE, *v.* SMITH, APPELLANT.

(No. 4155—Decided January 26, 1949.)

*Mr. William H. Brooks,* for appellee.
*Mr. Frank C. Shearer,* for appellant.

BY THE COURT. This is an appeal on questions of law from a judgment of the Common Pleas Court, Division of Domestic Relations, Franklin county, finding the defendant, appellant here, guilty of contempt for failure to make support payments as ordered.

The defendant was charged with being the father of the illegitimate child of complainant. The defendent at first pleaded not guilty. After several continuances the defendant appeared in open court and

changed his plea from not guilty to guilty. The court made an order respecting support. The defendant, after making payments for about two years, ceased making payments, which gave rise to the contempt charge.

Five errors are assigned, which relate to the validity of the order of the court requiring the defendant to make payments for support. The contention is made that the order was void *ab initio* and, therefore, defendant could not be held in contempt for the violation of a void order. The point is made that the defendant in a bastardy case is entitled to a jury trial, unless a waiver is signed in writing, on the theory that the charge is of a criminal or quasi-criminal nature and the laws with respect to the trial of criminal cases apply. The record is such that a determination of all the technical legal questions raised is not required.

The record shows that the defendant appeared in open court, withdrew his plea of not guilty and entered a plea of guilty. The court made a notation on the record. This action was carried into a journal entry which was signed by the trial judge. A strong presumption exists of the regularity and the correctness of the court record. The defendant will not be heard to say at this time that he did not change his plea from not guilty to guilty when the record is supported by the overwhelming weight of testimony from witnesses who were present in the courtroom at the time the plea was entered. The record shows a full compliance with the provisions of Section 12123, General Code.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.